UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 17-11256-RWZ

CUMMINGS PROPERTIES, LLC

v.

PUBLIC SERVICE INSURANCE CO.

MEMORANDUM OF DECISION

November 26, 2018

ZOBEL, S.D.J.

Plaintiff Cummings Properties, LLC leases an office suite in a commercial building to the Massachusetts Department of Revenue ("DOR"). A DOR employee has sued Plaintiff in state court for an alleged slip and fall in the parking lot of the leased premises. Plaintiff alleges that defendant Public Service Insurance Company ("PSIC") issued a commercial general liability insurance policy pursuant to which it must defend plaintiff in the pending state court lawsuit and indemnify plaintiff. Defendant disclaims as a matter of law any duty to defend or indemnify and argues that the policy covered the leased office suite but not the adjacent parking lot where the incident occurred. Before the court are the parties' cross-motions for summary judgment. Docket ## 30, 40.

I.  **Factual Background**[1]

  A. **Lease and Insurance Policy**

In October 2010, the Commonwealth of Massachusetts, on behalf of DOR, entered a five-year lease with plaintiff for Suite 760 at 100 Trade Center in Woburn, Massachusetts. The lease required plaintiff, as the landlord, to "use reasonable efforts to ensure [that] snow and ice are removed from all entrances, exits, sidewalks, and parking areas before the hours of operation and during such hours if snow, ice, or both accumulate." Docket ## 32 ¶ 7, 34 at 51.

The policy in issue covers the period January 20, 2013, to January 20, 2014, and identifies DOR as the "named insured." It states that, subject to various limitations, defendant will "pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury'" and will "defend the insured against any 'suit' seeking those damages." Docket # 32 ¶ 13. The policy names plaintiff as an "additional insured," "but only with respect to liability arising out of [DOR's] operations or premises owned by or rented to [DOR]." Docket # 42 at 5 ("Additional Insured endorsement"). This endorsement specifically identifies Suite 760 as the location for which Plaintiff was the additional insured.

  B. **State Court Lawsuit and Coverage Dispute**

On January 30, 2013, Joyce Barresi, a DOR employee, allegedly slipped and fell on ice in the parking lot of 100 Trade Center. She eventually sued plaintiff in the Massachusetts Superior Court for breach of its duty to maintain the parking lot in a reasonably safe condition and claims damages for incurred and anticipated medical

---

[1] The undisputed facts are derived from the parties' Statements of Material Facts and responses thereto.

expenses and lost wages. Joyce A. Barresi v. Cummings Properties, LLC, 1677–CV–00120 (Mass. Super. Ct., filed Jan. 28, 2016).

Plaintiff sought coverage by defendant as an additional insured under DOR's policy, but defendant refused.[2]  Plaintiff then filed suit in this court seeking a declaratory judgment that defendant must defend and indemnify plaintiff in the state court action (Count I) and damages for breach of contract (Count II).

## II.  Legal Standard

Summary judgment is appropriate when the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  "An issue is 'genuine' for purposes of summary judgment if 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party,' and a 'material fact' is one which 'might affect the outcome of the suit under the governing law.'" Poulis-Minott v. Smith, 388 F.3d 354, 363 (1st Cir. 2004) (quoting Hayes v. Douglas Dynamics, Inc., 8 F.3d 88, 90 (1st Cir. 1993)).

"Cross-motions for summary judgment do not alter the basic Rule 56 standard, but rather simply require [the court] to determine whether either of the parties deserves judgment as a matter of law on facts that are not disputed." Ferguson v. Gen. Star Indem. Co., 582 F. Supp. 2d 91, 98 (D. Mass. 2008) (alteration in original) (quoting Adria Int'l Grp., Inc. v. Ferré Dev., Inc., 241 F.3d 103, 107 (1st Cir. 2001)).  "When facing cross-motions for summary judgment, a court must rule on each motion independently, deciding in each instance whether the moving party has met its burden

---

[2] Plaintiff had procured a separate policy as the named insured and the insurer of that policy, Hanover Insurance Company, has so far defended plaintiff in the Barresi suit.

under Rule 56." Id. (quoting Dan Barclay, Inc. v. Stewart & Stevenson Servs., Inc., 761 F. Supp. 194, 197–98 (D. Mass. 1991)).

Interpretation of an insurance contract is a question of law appropriately decided at summary judgment. Cody v. Connecticut Gen. Life Ins. Co., 439 N.E.2d 234, 237 (Mass. 1982); see Utica Mut. Ins. Co. v. Herbert H. Landy Ins. Agency, Inc., 820 F.3d 36, 41 (1st Cir. 2016).

### A. Insurer's Duty to Defend and Indemnify

Under Massachusetts law, an insurer's duty to defend is independent from and broader than its duty to indemnify. Vermont Mut. Ins. Co. v. Zamsky, 732 F.3d 37, 41 (1st Cir. 2013) (citing B & T Masonry Constr. Co. v. Pub. Serv. Mut. Ins. Co., 382 F.3d 36, 39 (1st Cir. 2004)). The court determines whether a duty to defend exists by examining (1) the insurance policy; (2) facts alleged in the third party's complaint; and (3) facts known or readily knowable by the insurer. See Billings v. Commerce Ins. Co., 936 N.E.2d 408, 414 (Mass. 2010).

The duty to indemnify, in contrast, is determined by the facts as they unfold at trial or in a settlement agreement. Travelers Ins. Co. v. Waltham Indus. Labs. Corp., 883 F.2d 1092, 1099 (1st Cir. 1989). Yet if a court does not find a duty to defend from the pleadings, it necessarily follows that there is no duty to indemnify. Bagley v. Monticello Ins. Co., 720 N.E.2d 813, 817 (Mass. 1999); Massamont Ins. Agency, Inc. v. Utica Mut. Ins. Co., 489 F.3d 71, 75 (1st Cir. 2007).

### III. Analysis

#### A. Plaintiff's Motion for Summary Judgment

Plaintiff has moved for summary judgment on both counts of the complaint. The parties agree that coverage depends on whether Barresi's complaint fits within the Additional Insured endorsement.

As an initial matter, I note that the endorsement is restrictive: plaintiff is covered by defendant's policy "<u>but only</u> with respect to liability arising out of [1] [DOR's] operations or [2] [the] premises … rented to [DOR]." Docket # 42 at 5 (emphasis added). Plaintiff argues that Barresi's suit triggers coverage under either prong of the endorsement. However, upon "matching [Barresi's] complaint with the policy provisions," I conclude that the claim falls outside these categories of coverage. <u>Nascimento v. Preferred Mut. Ins. Co.</u>, 513 F.3d 273, 276 (1st Cir. 2008) (citing <u>Herbert A. Sullivan, Inc. v. Utica Mut. Ins. Co.</u>, 788 N.E.2d 522, 530 (Mass. 2003)).

##### 1. DOR's Operations

Plaintiff first argues that Barresi's injury arose out of DOR's operations because "but for [Barresi's] employer's office at 100 Trade[ ]Center, she would not have been at the site of the alleged incident" and because Barresi was "arriving at work to perform the 'operations' of [DOR]" when she fell. Docket # 31 at 6–7.

Plaintiff's argument is essentially that Barresi's injury occurred during the "course of [her] employment." <u>Id.</u> at 6. But this argument is beside the point. The Additional Insured endorsement requires a connection to DOR's operations – i.e., the agency's work or activities – or its rental of the premises. Arriving in the parking lot and walking

5

to work has nothing to do with DOR's operations.  Cf. Merchants Ins. Co. of New Hampshire v. U.S. Fid. & Guar. Co., 143 F.3d 5 (1st Cir. 1998) (subcontractor's employee was injured while actively working and injury thus "arose out of" subcontractor's "work" under additional insured endorsement).  Plaintiff's first argument for coverage therefore fails.

### 2. DOR's Rented Premises

Alternatively, plaintiff argues that Barresi's claim is covered under the Additional Insured endorsement as one arising out of the premises rented to DOR because Barresi was on her way to Suite 760 when she fell.  This argument also fails.

The insurance policy clearly identified the insured location as Suite 760 – an individual office suite and nothing more.  It is undisputed that DOR did not rent the parking lot or any parking spaces.  Rather, the parking lot was a common area maintained by plaintiff.[3]  Cf. Norfolk & Dedham Mut. Fire Ins. Co. v. Morrison, 949 N.E.2d 948 (Mass. App. Ct. 2011) (Rule 1:28 Decision) (rented premises included a percentage share of the common area in which injury occurred and therefore injury "arose out" of rented premises).

Whatever plaintiff's ultimate liability to Barresi may be, the issue before the court is whether plaintiff is an additional insured.  And the mere fact that Barresi was injured in a common area while en route to the rented premises does not automatically make

---

[3] In its Motion for Summary Judgment, plaintiff identifies the parking lot as appurtenant to the leased premises, arguing that the parking lot fell within the lease's catchall appurtenance category as an "area[] ... intended for general use by [tenants]."  Docket # 32 at 2.  But regardless of whether the parking lot was an appurtenant area as defined by the lease (and therefore one which DOR, and presumably its employees, had a right to use), the key question is whether the injury arose from the rented premises.

her claim one arising out of the rented premises. Faced with similar disputes regarding insurance coverage for common area incidents, Massachusetts courts have recognized the need to sufficiently tie an injury or occurrence to the rented property to avoid overly broad interpretations of additional insured provisions. See Gillis v. DeMarkles, No. CIV. A. 97-00242, 1998 WL 141925 (Mass. Super. Mar. 17, 1998) (interpreting similar additional insured endorsement to cover only incidents within the leased premises); Shumway v. Eastway Plaza, LLC, No. 001069C, 2002 WL 533863 (Mass. Super. Jan. 14, 2002) (relying on Gillis to interpret a similar endorsement).

Since Barresi's claim arises neither out of DOR's operations nor DOR's rented premises, it falls outside of the Additional Insured endorsement's coverage. Defendant's duty to defend is not triggered and neither is its duty to indemnify.[4] Accordingly, defendant is not liable for breach of contract and plaintiff's motion for summary judgment is denied.

### B. Defendant's Motion for Summary Judgment

Because defendant does not owe plaintiff a duty to defend or indemnify, defendant's motion for summary judgment is allowed.

---

[4] Having determined that the defendant does not have a duty to defend plaintiff under the Additional Insured endorsement, I need not address plaintiff's argument that a separate endorsement – the "Limitation of Coverage endorsement" – does not restrict or eliminate such a duty.

**IV.     Conclusion**

Plaintiff Cummings LLC's Motion for Summary Judgment (Docket # 30) on Counts I and II is denied.  Defendant PSIC's Motion for Summary Judgment (Docket # 40) on Counts I and II is allowed.  Judgment may be entered accordingly.


|   November 26, 2018   | /s/Rya W. Zobel |
|---|---|
| DATE | RYA W. ZOBEL<br>SENIOR UNITED STATES DISTRICT JUDGE |